UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QUOC TIEN VAN NGUYEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 26-cv-10741-FDS |
| | ) | |
| ANTONE MONIZ, et al., | ) | |
| | ) | |
| Respondents. | ) | |

MEMORANDUM AND ORDER ON
<u>PETITION FOR WRIT OF HABEAS CORPUS</u>

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to redetain a noncitizen on supervised release following a final order of removal.[1] Petitioner Quoc Tien Van Nguyen legally entered the United States in 1990 or 1991. He was ordered removed to Vietnam in 2002 following a state criminal conviction. However, because the United States did not have a repatriation agreement with Vietnam at the time, he was released under an order of supervision. In 2020, the United States signed a Memorandum of Understanding with Vietnam for the

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Jospeh D. McDonald, Jr., Sheriff, Plymouth County Correctional Facility; David Wesling, Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement; Michael Krol, New England Special Agent in Charge for Homeland Security Investigations, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; and Kristi Noem, U.S. Secretary of Homeland Security, as respondents. The Court notes that Moniz and McDonald, as "the person[s] who ha[ve] custody over [the petitioner]," are the only possible proper respondents. 28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The Court will therefore dismiss the claims against the other respondents.

repatriation of Vietnamese citizens like petitioner who arrived in the United States prior to 1995. Five years later, in November 2025, ICE took petitioner into custody. ICE began the process of requesting his travel documents from Vietnam following his detention.

Petitioner contends that his redetention violates 8 U.S.C. § 1231(a) and its implementing regulation, 8 C.F.R. § 241.13, in addition to his Fifth Amendment right to due process. Because the Court agrees that his redetention violates ICE's own regulation, the petition will be granted.

I.  **Background**

   A.  **Factual History**

Petitioner Quoc Tien Van Nguyen was born in Vietnam in 1976. (Dkt. No. 1-1 ¶ 1). He immigrated to the United States with his immediate family in 1990 or 1991 under Amerasian status. (*Id.* ¶ 3). He and his family have resided in Massachusetts since. (*Id.*). At some point, he was convicted of a crime in state court. The nature of the crime is not set forth in the record. His sentence apparently included a term of probation, because in 2001 he was given a custodial sentence for violating probation. (*Id.* ¶ 4). The nature of that violation is likewise not set forth in the record. Consequently, he was transferred to immigration custody, placed into removal proceedings, and ordered removed to Vietnam in 2002. (*Id.* ¶ 5).

At the time, the United States and Vietnam did not maintain diplomatic relations. *Nguyen v. Hyde*, 788 F. Supp. 3d 146, 146 (D. Mass. 2025). Accordingly, about one month after the entry of his final removal order, Nguyen was released on an Order of Supervision ("OSUP"). (Dkt. No. 1-1 ¶ 6). In the early 2010s, he had what he describes as "other brushes with the state criminal system," on which he does not elaborate. (*Id.* ¶ 7). Nonetheless, his release under the OSUP was not terminated. (*Id.*). He has been in full compliance with his OSUP since at least 2021. (*Id.* ¶¶ 12-13).

In 2008, the United States and Vietnam entered into a repatriation agreement. *Nguyen*, 788 F. Supp. 3d at 147. That agreement, however, did not include Vietnamese citizens like Nguyen who had entered the United States before July 12, 1995. *Id.* In 2020, the United States and Vietnam entered into a Memorandum of Understanding ("the 2020 MOU") to facilitate the repatriation of those citizens. *Id.* at 148. Nonetheless, "individuals must meet specific requirements listed in the MOU before Vietnam will issue travel documents," and "[t]he Vietnamese government makes the ultimate decision about whether to issue travel documents and has significant discretion in its decision." *Huynh v. Wesling*, 2026 WL 183467, at *1, 6 (D. Mass. Jan. 23, 2026). There is no evidence that ICE took any steps to repatriate Nguyen in the years immediately following the 2020 MOU.

Then, on November 20, 2025, Nguyen was taken into custody when he reported for a check-in to the ICE field office in Burlington, Massachusetts. (Dkt. No. 1-1 ¶ 14). According to his affidavit, ICE officers informed him that he was being redetained "because the current presidential administration decided Vietnam was going to accept deported people." (*Id.* ¶ 14). The ICE officers did not convey any information specific to his situation nor provide him an opportunity to ask questions or explain why Vietnam would be unlikely to accept him. (*Id.* ¶ 15). The petition further alleges that he has never been issued a written Notice of Revocation of Release. (Dkt. No. 6 ¶ 30).

Nguyen was then transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts, where he remains detained. (Dkt. No. 1-1 ¶ 17). During his first three days there, ICE requested that he sign a piece of paper to receive a Vietnamese passport. (*Id.* ¶ 18). About one month later ICE further requested that he complete a detailed self-declaration form to obtain travel documents. (*Id.* ¶ 19). He listed his only living relative in Vietnam as his uncle,

3

although he does not know his uncle's whereabouts.  (*Id.* ¶ 21).  From that timeline, it appears that ICE did not begin the process of requesting his passport and travel documentation until after Nguyen was detained.

### B. Procedural History

On February 11, 2026, petitioner filed, through counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Dkt. No. 1).[2]  The petition contends that his redetention without an individualized determination is in violation of 28 U.S.C. § 1231(a) and its implementing regulation, 8 C.F.R. § 241.13.  (Dkt. No. 6 ¶¶ 40-43).  It also alleges that his redetention is in violation of his due-process rights.  (*Id.* ¶¶ 44-49).  Petitioner seeks immediate release subject to the terms of his OSUP at the time of his redetention; a declaration that his redetention violates his Fifth Amendment rights and is void; and attorney's fees and costs pursuant to the Equal Access to Justice Act.  (*Id.* at 15-16).

The next day, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4).

On February 20, 2026, respondents answered the petition.  (Dkt. No. 8).  They submitted an abbreviated response and requested to proceed without additional briefing or argument.  The response maintains that "the legal and factual issues presented in this Petition appear similar to those examined by multiple other sessions of this Court to include *Nguyen v. Hyde*, 788 F. Supp. 3d 144 (D. Mass. 2025); *Huynh v. Wesling*, 2026 WL 183467 (D. Mass. Jan. 23, 2026); and *Tran v. Hyde*, 2025 WL 3724853 (D. Mass. Dec. 24, 2025)," and that, "if this Court adheres to the reasoning of the other sessions of this Court, a similar result is likely in this case."  (*Id.* at 1-2).

---

[2] An amended petition correcting inconsistent identification of the petitioner was filed on February 19, 2026.  (Dkt. No. 6).

That is, "release from detention pursuant to an Order of Supervision after determining ICE had failed to present the necessary evidence to demonstrate that removal to Vietnam was likely in the foreseeable future." (*Id.* at 2). Respondents "rely upon, and incorporate by reference, the legal arguments presented in [those] cases." (*Id.*).

## II.  Statutory Framework

The detention of noncitizens with final orders of removal is governed by 8 U.S.C. § 1231. Under § 1231(a)(2)(A), a noncitizen must be detained for the 90-day removal period after the entry of the final order "so that the government may carry out the noncitizen's removal." *Kong v. United States*, 62 F.4th 608, 620 n.12 (1st Cir. 2023) (citing 8 U.S.C. § 1231(a)(1)-(2); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001)). "However, the connection between executing a removal order and detaining a noncitizen unravels if the noncitizen is not removed within that ninety-day window, especially when, as in this case, the noncitizen has been released with supervision." *Id.* (citing 8 U.S.C. § 1231(a)(3), (6)). As the First Circuit has explained, under the implementing regulation, "once a noncitizen has been granted supervised release, that release can only be revoked upon a showing that because of changed circumstances there is now a 'significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future.'" *Id.* (alteration in original) (quoting 8 C.F.R. § 241.13(i)(2)). That is, "ICE's own regulation require[s] (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Id.* at 620-21. That "determination must be conducted prior to re-detention." *Huynh*, 2026 WL 183467, at *3 (citing cases). Moreover, ICE carries the burden of proving that removal was significantly likely in the reasonably foreseeable future. *See Tran*, 2025 WL 3724853, at *2 (citing cases).

The regulation lays out factors for ICE to consider in deciding whether changed circumstances exist. *See* 8 C.F.R. § 241.13(f). "Courts considering a challenge to re-detention must review ICE's determination 'in light of' those same factors." *Huynh*, 2026 WL 183467, at *3 (quoting *Kong*, 62 F.4th at 620). Those factors include, but are not limited to, (1) the history of the noncitizen's efforts to comply with the removal order, (2) the history of ICE's efforts to remove noncitizens generally to the country in question or to third countries, (3) the ongoing nature of ICE's efforts to remove the individual noncitizen, (3) the reasonably foreseeable results of those efforts, and (5) the views of the Department of State regarding the prospects for removal of noncitizens to the country in question. 8 C.F.R. § 241.13(f). Furthermore, while "there is no presumptive period of time within which the [noncitizen's] removal must be accomplished, . . . the prospects for the timeliness of removal must be reasonable under the circumstances." *Id.*

### III.   Analysis

For the reasons that follow, this Court concludes that the redetention of petitioner violates 8 C.F.R. § 241.13.

According to petitioner, ICE officers informed him that he was being detained "because the current presidential administration decided Vietnam was going to accept deported people." (Dkt. No. 1-1 ¶ 14). Indeed, in the three cases that respondents incorporate by reference, the government maintained that the 2020 MOU along with recent success repatriating pre-1995 Vietnamese citizens constituted the requisite "change of circumstances."[3] It is doubtful whether those facts alone establish a change of circumstances given that ICE apparently made no effort in

---

[3] In those cases, the petitioners had also taken some steps to request travel documents shortly before being detained. *See Nguyen*, 788 F. Supp. 3d at 148-49; *Tran*, 2025 WL 3724853, at *1; *Huynh*, 2026 WL 183467, at *2. Here, petitioner did not complete the passport or self-declaration form until after his detention.

6

the five years following the 2020 MOU to repatriate petitioner. Nor is it clear that they represent an individualized determination. Nevertheless, the Court need not decide so today, as respondents have not shown that petitioner, at the time of his detention, was reasonably likely to be removed in the foreseeable future.

One factor favors respondents. In *Huynh v. Wesling*, the government submitted evidence of its "successful recent history of removing noncitizens to Vietnam . . . who entered prior to 1995." 2026 WL 183467, at *5. Of 296 travel document requests submitted in 2025, 207 had been granted and the noncitizens removed. *Id.*

The other factors, however, heavily weigh in favor of petitioner. There is no evidence that petitioner has ever been noncompliant or attempted to obstruct the removal order. Moreover, at the time of his detention, ICE had apparently not initiated a request for petitioner's Vietnamese passport or travel documents. The fact that petitioner was not asked to complete a self-declaration until a month into his detention suggests that ICE was not even prepared to initiate such a request. There is therefore no evidence that ICE made any effort to remove petitioner prior to his detention other than the decision to detain him. Since ICE made no effort to remove petitioner, the reasonably foreseeable result of its efforts was that petitioner would not be removed.

Even if ICE had initiated the travel documents request, the Vietnamese government still exercises significant discretion over the issuance of such documents. Some sort of individualized evidence therefore may be necessary to show that Vietnam was likely to grant such a request. *See Huynh*, 2026 WL 183467, at *6 ("The lack of individualized evidence is particularly relevant in this case, because Petitioner has a criminal history, no living relatives in Vietnam, and no physical address in Vietnam.").

Finally, the Court notes that, at the time of filing, petitioner had been redetained for 83 days—nearly the length of mandatory detention during the statutory 90-day removal period following entry of a final removal order.  He has now been in custody for longer.  The fact that petitioner was not removed—nor, it seems, even had his request for travel documents approved—within the time period that Congress deemed reasonable to effectuate removal is further evidence that the "the prospects for the timeliness of [petitioner's] removal [was not] reasonable under the circumstances."  8 C.F.R. § 241.13(f).

Thus, there was not a "significant likelihood that [petitioner] w[ould] be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  His redetention is in violation of ICE's own regulation and thus "in violation of the . . . laws . . . of the United States."  28 U.S.C. § 2241(c)(3); *see Nguyen*, 788 F. Supp. 3d at 152 ("ICE, like any agency, has the duty to follow its own federal regulations." (quoting *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017))).  The Court will therefore grant his petition.  Accordingly, at this stage, the Court does not reach petitioner's Fifth Amendment claims.

That leaves the question of petitioner's request for attorney's fees and costs pursuant to the Equal Justice Act.  In relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The government bears the burden to prove by a preponderance of the evidence that its position was "substantially justified."  *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010).  In their abbreviated answer, respondents did not address petitioner's request for fees

and costs. The Court will therefore give respondents an opportunity to respond to that request within 14 days of the issuance of this order.

## IV.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents Antone Moniz and Joseph McDonald, Jr., are hereby ORDERED to immediately release petitioner pursuant to the conditions in his preexisting Order of Supervision. The claims against respondents David Wesling, Michael Krol, Todd Lyons, and Kristi Noem are DISMISSED. The remaining respondents shall respond to petitioner's request for fees and costs within 14 days.

**So Ordered.**

Dated:  February 26, 2026

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge